**BENEFIT REALTY CORPORATION,**
Appellant,

v.

**CITY OF CARROLLTON,**
Texas, Appellee.

**No. 05–04–00023–CV.**

Court of Appeals of Texas,
Dallas.

Aug. 30, 2004.

Lawrence J. Friedman, James Robert Krause, Friedman & Feiger, L.L.P., Del W. Mecham, Jr., Carrollton, for Appellant.

R. Clayton Hutchins, Dallas, for Appellee.

Before Justices MORRIS and WHITTINGTON.[1]

**OPINION**

Opinion by Justice WHITTINGTON.

The trial judge granted the City of Carrollton's plea to the jurisdiction and dismissed Benefit Realty Corporation's claims against the City. In two issues, Benefit Realty complains the trial judge erred in granting the City's plea. We affirm.

BACKGROUND

The City acquired a strip of land from Hebron Baptist Church for widening and reconstruction of a street. Benefit Realty, who had a right of first refusal on the church's property, did not receive compensation for the City's acquisition of the land. Benefit Realty brought suit against several parties including the City. The City filed a plea to the jurisdiction based on sovereign immunity. The trial judge granted the plea. Benefit Realty brings this interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (Vernon Supp. 2004–05) (allowing appeal of interlocutory order of district court granting or denying plea to jurisdiction by governmental unit).

STANDARD OF REVIEW

In two issues, Benefit Realty contends the trial judge erred in granting the City's plea to the jurisdiction. First, Benefit Realty claims the trial judge erred in weighing the merits of the case in deciding the plea to the jurisdiction. Second, Benefit Realty argues the judge erred in granting the plea to the jurisdiction because the City's acts were propriety and Benefit Realty properly pleaded a claim for inverse condemnation.

A plea to the jurisdiction is a dilatory plea, made to defeat a cause of action without regard to the merits of the claims asserted. *See Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554 (Tex. 2000). A plea to the jurisdiction contests a trial court's subject matter jurisdiction. *See Tex. Dep't of Transp. v. Jones,* 8 S.W.3d 636, 637 (Tex.1999) (per curiam). The existence of subject matter jurisdiction is a question of law; thus, we review de novo the trial judge's ruling on a plea to the jurisdiction. *See Tex. Natural Res. Conservation Comm'n v. IT–Davy,* 74 S.W.3d 849, 855 (Tex.2002). The plaintiff has the burden to allege facts affirmatively demonstrating the trial court has subject matter jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 446 (Tex.1993). In our review of the trial court's order dismissing a cause for want of jurisdiction, we must "construe the pleadings in favor of the plaintiff and look to the pleader's intent." *Tex. Air Control Bd.,* 852 S.W.2d at 446.

TORT CLAIMS

We address Benefit Realty's second issue first. Benefit Realty contends the trial judge erred in granting the City's plea to the jurisdiction because the City's acts were proprietary rather than governmental. The City contends it is immune from Benefit Realty's tort claims.

Sovereign immunity deprives a trial court of subject matter jurisdiction for lawsuits in which the state or certain governmental units have been sued unless the state consents to suit. *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 224 (Tex.2004). The sovereign immu-

---

1. The Honorable Tom James, Retired, Court of Appeals, Fifth District of Texas at Dallas, was a member of the panel at the time this case was argued and submitted for decision. Due to his subsequent retirement from the Court, Justice James did not participate in the issuance of this opinion. *See* TEX.R.APP. P. 41.1(a) & (b).

nity of the State inures to the benefit of a municipality to the extent the municipality engages in the exercise of governmental functions. *See City of Tyler v. Likes,* 962 S.W.2d 489, 501 (Tex.1997).

The City contends its liability for Benefit Realty's tort claims is governed by the Texas Tort Claims Act. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 101.001–.109 (Vernon 1997 & Supp.2004–05). Benefit Realty asserted claims for conversion, common law fraud, taking/inverse condemnation, tortious interference with contractual relations, civil conspiracy, tortious interference with prospective contract, negligent misrepresentation, and negligence. Although the Texas Tort Claims Act provides a limited waiver of sovereign immunity for specific governmental functions, Benefit Realty argues the Tort Claims Act does not apply because the City's actions were proprietary. Benefit Realty argues it may bring suit in tort arising out of the City's performance of a proprietary function. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.0215(b) (Tort Claims Act does not apply to liability of municipality for damages arising from its proprietary functions). We disagree with Benefit Realty's contention that the City's actions were the performance of a proprietary function.

■ The Tort Claims Act specifically lists "street construction and design" as a governmental function. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.0215(a)(3) (Vernon Supp.2004–05). The Act further provides: "The proprietary functions of a municipality do not include those governmental activities listed under Subsection (a)." TEX. CIV. PRAC. & REM.CODE ANN. § 101.0215(c). Acquisition of land for a public purpose is a governmental function. *See Leeco Gas & Oil v. County of Nueces,* 736 S.W.2d 629, 630 (Tex.1987) (acquisition of land to establish and maintain public park is governmental function).

Although the City entered into an agreement with the Church to acquire the land rather than initiating condemnation procedures, the agreement arose out of the City's plans for street construction and design. The city council passed a resolution authorizing the City to acquire all parcels of land necessary to make public improvements to Hebron Parkway by making an offer for the fair market value of the parcels or, if negotiations with the owners failed, to institute eminent domain proceedings. Benefit Realty urges the City's acts at issue are "the City's underhanded agreement with [the Church], the City's decision to ignore [the right of first refusal] despite having notice thereof, and the City's decision to proceed with the transaction" with the Church; however, it is undisputed the City entered into the transaction in order to acquire the property to construct improvements to a street. The City was engaged in a governmental, not a proprietary, function. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.0215(a)(3), (c).

Under the Tort Claims Act, when a municipality is engaged in a governmental function, its immunity is not waived for claims arising out of intentional torts. TEX. CIV. PRAC. & REM.CODE ANN. § 101.057(2). Thus, the City is immune from Benefit Realty's claims for conversion, common-law fraud, tortious interference with contractual relations, civil conspiracy, and tortious interference with prospective contract. Moreover, Benefit Realty makes no argument that its negligence-based tort claims fit within any specific waiver of immunity under the Tort Claims Act. *See Tex. Air Control Bd.,* 852 S.W.2d at 446 (trial judge should grant plea to jurisdiction if plaintiff fails to allege facts affirmatively demonstrating trial court's subject matter jurisdiction). Because the City was not engaged in a proprietary function, the trial judge properly

granted the City's plea to the jurisdiction as to Benefit Realty's tort claims. We overrule the portion of Benefit Realty's second issue asserting the trial judge erred in granting the plea to the jurisdiction because the City's actions were of a proprietary, nongovernmental nature.

### INVERSE CONDEMNATION CLAIM

Also in its second issue, Benefit Realty argues the trial judge erred in granting the City's plea to the jurisdiction because Benefit Realty has properly pleaded facts to support all three elements of a claim for inverse condemnation. If Benefit Realty's property has been "taken, damaged, or destroyed for or applied to public use without adequate compensation being made," then Benefit Realty has stated a claim under article I, section 17 of the Texas Constitution, to which governmental immunity does not apply. *See* TEX. CONST. ART. I, § 17; *City of Dallas v. Jennings,* 47 Tex. Sup.Ct. J. 715, 2004 WL 1434800, at *2 and n. 2 (Tex. June 25, 2004) ("takings claim" under article I, section 17 of Texas Constitution encompasses claims for taking, damaging, and destruction of property); *Steele v. City of Houston,* 603 S.W.2d 786, 791 (Tex.1980) (constitutional provision acts as waiver of governmental immunity for takings claims).

The parties agree a claim for inverse condemnation consists of three elements: intent, taking, and public use. *See Gen. Servs. Comm'n v. Little–Tex Insulation Co.,* 39 S.W.3d 591, 598 (Tex.2001) (to establish takings claim, plaintiff must prove State intentionally performed certain acts that resulted in "taking" of property for public use). They disagree, however, on whether a "taking" occurred. Benefit Realty argues its right of first refusal is a property right that was "taken" by the City, noting that a "taking" may include any direct invasion of a property right.

The City contends no "taking" of Benefit Realty's right of first refusal occurred as a matter of law. The City argues Benefit Realty's right of first refusal only applied to a voluntary sale of the property, and the City's acquisition was an involuntary sale. In support of this argument, the City points to the language of the right of first refusal granting Benefit Realty the right to purchase to property "[i]n the event that Hebron Baptist Church shall desire to sell all, or any portion of, or interest in, the Property to any third party." The City contends this language gives Benefit Realty a right to purchase only in the event of a voluntary sale, citing *Draper v. Gochman,* 400 S.W.2d 545, 548 (Tex.1966). In *Draper,* Gochman held a right of first refusal in the event Draper "desired to sell" the property. The property was later sold at a trustee's sale after foreclosure. The supreme court held the trustee's sale "was not a voluntary sale so as to give Gochman a preferential right to purchase." *Draper,* 400 S.W.2d at 548.

Because there are no Texas cases directly on point, the City relies on two cases from other jurisdictions for its argument there was no taking. The City cites *Campbell v. Alger,* 71 Cal.App.4th 200, 83 Cal.Rptr.2d 696 (1999), in which the court held "when a public entity condemns land for a public purpose, a private party's right of first refusal to purchase the property is not triggered." 83 Cal.Rptr.2d at 697. We agree with the California court's reasoning in *Campbell:*

> The purpose of condemnation is to ensure that public entities obtain land needed for public purposes to benefit the community. Public entities have the right and the duty to act swiftly in condemnation proceedings for the public health, safety, and welfare. And land is not fungible. Public entities may not simply go to another vendor for the

same or similar widgets such as paper clips. The Legislature has provided that if a public entity is forced into eminent domain litigation, it should settle with as many owners as swiftly as possible to minimize the costs, uncertainties and time to obtain such needed land. Private holders of rights of first refusal may not thwart such public purposes by forcing the owner or the subsequent public entity to sell it to them. 83 Cal.Rptr.2d at 701.

The City also relies on *City of Ashland v. Kittle*, 347 S.W.2d 522, 523 (Ky.1961). In *City of Ashland*, the City condemned property owned by the Kittles. The Kittles had leased the property and in the lease, granted a right of first refusal to the lessees to purchase the property. The jury in the condemnation proceeding was instructed to assign a value both to the leasehold interest and to the lessees' "privilege to purchase." The Kentucky court of appeals held this instruction was error: "An option in a lease giving the lessee the right to purchase the fee, not exercised prior to the time the property was taken for public use, gives the lessee no interest in the real estate which is compensable in a condemnation proceeding." *City of Ashland*, 347 S.W.2d at 523. The Kentucky court noted "that otherwise the lessee would have the privilege of waiting until the award was made and then exercising or not exercising his option according to whether or not the amount of the award was in excess of the option price." *City of Ashland*, 347 S.W.2d at 523. Moreover, the lessees "did not even have an option to buy, but merely a right of first refusal, in the event the lessor decided to sell." *City of Ashland*, 347 S.W.2d at 523. Therefore,

it was error to instruct the jury that the right of first refusal was an element of damage. *City of Ashland*, 347 S.W.2d at 523.

We hold the trial judge correctly concluded Benefit Realty did not plead a cause of action for inverse condemnation. Because the Church's sale to the City was involuntary, Benefit Realty's right of first refusal did not apply. As a matter of law, there was no "taking" from Benefit Realty. We overrule Benefit Realty's second issue.

■ In its first issue, Benefit Realty contends the trial judge erroneously weighed the merits of its claims. A trial judge deciding a plea to the jurisdiction, however, is not confined to the pleadings "but may consider evidence and must do so when necessary to resolve the jurisdictional issues raised." *Bland Indep. Sch. Dist.*, 34 S.W.3d at 555; *see also Miranda*, 133 S.W.3d at 226–228 (discussion of review of jurisdictional facts on pleas to jurisdiction). We hold the trial judge properly considered the pleadings and the evidence submitted with the City's plea to the jurisdiction and overrule Benefit Realty's first issue.

Because the City is immune from the claims pleaded by Benefit Realty, the trial judge properly granted the City's plea to the jurisdiction. We affirm the trial court's judgment.