**DALLAS FORT WORTH INTERNA-TIONAL AIRPORT BOARD,**
Appellant

v.

**Jerry COX, et al., Appellees
and Cross–Appellants**

v.

**AT'S Electric Co., Inc., et
al., Cross–Appellees.**

No. 05–07–00977–CV.

Court of Appeals of Texas,
Dallas.

July 25, 2008.

Kelly M. Massad, for Appellant.

Wade Caven Crosnoe, Austin, James L. Sowder, John A. Isbell, Thompson, Coe, Cousins & Irons, L.L.P., Eduardo F. Cuaderes, Steven R. McCown, Littler Mendelson, P.C., Kirk L. Pittard, F. Leighton Durham, Durham & Pittard, LLP, Chris Cowan, Cowan Law Firm, John D. Bosco, Morgan, Lewis & Bockius, LLP, Dallas, for Appellee.

Before Justices FITZGERALD, RICHTER, and LANG–MIERS.

## OPINION

Opinion by Justice RICHTER.

This case involves the prevailing wage statute. The provision at issue requires a public body to make an initial determination concerning an alleged wage-rate violation upon receipt of information that a statutory violation may have occurred. *See* TEX. GOV'T CODE ANN. § 2258.052 (Vernon 2000). Dallas Fort Worth International Airport Board (Airport Board) planned and directed the construction of a new international terminal building at the airport (the Project). Jerry Cox and others (Plaintiffs) were employed by subcontractors on the Project and claim to have been underpaid. Plaintiffs initiated a

mandamus action in the district court to require the Airport Board to make an initial determination concerning their individual wage-rate claims and the claims of an unknown putative class. In support of the requested relief, Plaintiffs claimed there were widespread wage-rate violations involving many thousands of workers and workers were misclassified to avoid the contractual wage rates. Plaintiffs also filed a class action petition naming the Airport Board and numerous subcontractors as defendants. The trial court dismissed the class action but granted Plaintiffs' request for mandamus in an order granting summary judgment. The Airport Board now challenges the trial court's summary judgment order and argues Plaintiffs have no standing to assert a cognizable claim or to prosecute the rights of unidentified workers. By cross-appeal, Plaintiffs challenge the trial court's orders dismissing Plaintiffs' class action claims against the Airport Board and the subcontractors. For the reasons discussed below, we affirm the trial court's judgment dismissing the class action, reverse the trial court's summary judgment and render judgment that appellees are not entitled to mandamus relief.

## BACKGROUND

The Airport Board planned and built the Project between 2000 and 2005. Austin Commercial, Inc. served as the general contractor on the Project and subcontracted the majority of the work to numerous subcontractors. Plaintiffs were among the thousands of workers employed in various capacities by these subcontractors.

In 2005, Cox and nine other named plaintiffs filed a class action suit in federal court (the Original Plaintiffs). The Original Plaintiffs purported to represent a class of all hourly workers on the Project who were not paid the prevailing wage rate as required by statute. *See* Tex. Gov't Code Ann. § 2258.001 *et. seq.* (Vernon 2000). Following the initiation of the federal court action, the Airport Board made initial determinations for each of the Original Plaintiffs and determined that two of the ten plaintiffs were entitled to a wage adjustment. The defendants moved to dismiss the lawsuit on various theories. The federal court ultimately dismissed the lawsuit pursuant to the Class Action Fairness Act. 28 U.S.C. § 1332(d).

The Original Plaintiffs and six new named plaintiffs (the Additional Plaintiffs) (together, Plaintiffs) initiated this case as an original mandamus proceeding in the district court. Plaintiffs requested the court order the Airport Board to conduct an initial determination for all named plaintiffs and the putative class. In support of their request, Plaintiffs claimed the filing of the federal lawsuit constituted the receipt of "information" under the wage-rate statute which triggered the Airport Board's duty to make an initial determination for all hourly workers on the Project. Plaintiffs also filed a class action petition under the same district court cause number. The class action petition named the general contractor, the Airport Board, and several subcontractors (the Subcontractors) as defendants and sought breach of contract damages for each of the Plaintiffs and on behalf of a putative class.

The defendants in the class action all filed pleas to the jurisdiction and argued the court had no jurisdiction to determine the underpayment of claims. Defendants' argument was premised on the statutory requirement that any dispute remaining after the initial determination is subject to arbitration under the Texas Arbitration Act. *See* Tex. Gov't Code Ann. § 2258.053(a) (Vernon 2000). The trial court granted the pleas to the jurisdiction and dismissed the class action claims. Af-

ter the court granted the pleas and signed the orders of dismissal, plaintiffs moved the court for the appointment of an arbitrator. The motion was denied.

The Airport Board also filed a plea to the jurisdiction in the mandamus action. Plaintiffs filed a traditional motion for summary judgment on the petition for mandamus. In support of the motion, Plaintiffs argued the Airport Board had refused and should be required to make an initial determination for the putative class. The trial court granted the motion and ordered that a writ of mandamus issue to require the Airport Board to make an initial determination "regarding claims for back wages for the Relators and putative class members as defined in Relators' Petition for Mandamus pursuant to section 2258.052(a) of the Texas Government Code." The order, which was signed on May 7, 2007, required completion of the initial determination by June 7, 2007. This appeal followed.

## THE SUMMARY JUDGMENT ORDER

The Airport Board contends the trial court erred when it granted summary judgment and ordered an initial determination on Plaintiffs' claims for back wages and the claims of a putative class because Plaintiffs had no standing to assert a "cognizable claim" or to prosecute the rights of unidentified workers. Plaintiffs maintain the Airport Board violated the prevailing wage statute by refusing to make an initial determination. According to Plaintiffs, the duty to make an initial determination for all hourly workers on the Project was triggered because the Airport Board received "information" concerning potential claims when they filed a lawsuit alleging widespread statutory violations.

### A. Standard of Review

■ The standard for reviewing a traditional motion for summary judgment is well-established. *See Sysco Food Servs. v. Trapnell,* 890 S.W.2d 796, 800 (Tex.1994); *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). We review a summary judgment de novo to determine whether a party's right to prevail is established as a matter of law. *Dickey v. Club Corp.,* 12 S.W.3d 172, 175 (Tex.App.-Dallas 2000, pet. denied). A party moving for traditional summary judgment is charged with the burden to establish that there are no genuine issues of material fact and it is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *M.D. Anderson Hosp. & Tumor Inst. v. Willrich,* 28 S.W.3d 22, 23 (Tex.2000) (per curiam). A matter is conclusively established if ordinary minds could not differ as to the conclusion to be drawn from the evidence. *Triton Oil & Gas Corp. v. Marine Contractors & Supply, Inc.,* 644 S.W.2d 443, 446 (Tex.1982).

### B. Mandamus

■ A district court has the authority to issue writs of mandamus. *See* TEX. GOV'T CODE ANN. § 24.011 (Vernon 2004). An original proceeding for a writ of mandamus initiated in the trial court is a civil action subject to trial and appeal on substantive law issues and the rules of procedure as any other civil suit. *Anderson v. City of Seven Points,* 806 S.W.2d 791, 795 n. 1 (Tex.1991). In a common law cause of action, there are three requisites to a mandamus: a legal duty to perform a nondiscretionary act, a demand for performance of the act, and a refusal to perform. *Tex.Dep't of Public Safety v. Gilbreath,* 842 S.W.2d 408, 413 (Tex.App.-Austin 1992, no pet.). Plaintiffs' request for mandamus was premised on the Airport Board's alleged refusal to perform its duty to make an initial determination under the wage-rate statute. Therefore, our inquiry be-

gins with examination of the statutory framework under which the duty is said to arise.

## C. The Statutory Framework

The prevailing wage statute prescribes wage requirements for workers employed on public works projects and generally requires that those workers be paid the prevailing wage rate for similar work in the locality in which the work is performed. *See* TEX. GOV'T CODE ANN. § 2258.021 (Vernon 2000). Pursuant to section 2258.051, public bodies awarding construction contracts that are subject to the state wage payment provisions are required to "take cognizance" of complaints concerning statutory violations. TEX. GOV'T CODE ANN. § 2258.051 (Vernon 2000). The statute establishes a mandatory claim process by which, on receipt of information concerning an alleged violation, a public body is required to make an initial determination on the complaint before the 31st day after the date the public body receives the information. *See* TEX. GOV'T CODE ANN. § 2258.052 (Vernon 2000). Once the determination is made, the parties must attempt an informal resolution of their differences. If an informal resolution is not possible, the parties are required to arbitrate. TEX. GOV'T CODE ANN. § 2258.053 (Vernon 2000). A district court may appoint an arbitrator "on the petition of any of the persons," but has no jurisdiction to resolve substantive disputes regarding alleged violations. *Id.*[1] The statute does not provide for class treatment or relief. *See* TEX. GOV'T CODE ANN. § 2258.021–.058 (Vernon 2000).

## D. The Initial Determination

Although the trial court's order refers collectively to "relators" and a "putative class," the reference to "relators" includes both the Original and Additional Plaintiffs. Because the analysis differs for each of the three categories of persons for whom relief was requested, we will separately examine the claims of the Original Plaintiffs, the Additional Plaintiffs, and the putative class.

■ The Airport Board's statutory duty to make an initial determination is not disputed. There is also no dispute that the Original Plaintiffs requested and received an initial determination. As a result, there was no refusal to perform the act required under the statute, and the trial court erred by including the Original Plaintiffs in the scope of the mandamus.

■ As for the Additional Plaintiffs, the summary judgment evidence does not establish the Airport Board refused an initial determination. The record reflects the Airport Board "took cognizance" of the Additional Plaintiffs' potential claims and requested basic information about the plaintiffs to identify them for purposes of making the initial determination. Specifically, the Airport Board requested the full name of the plaintiff, the social security number, and the company for which the plaintiff worked. Plaintiffs refused to provide the requested information. Instead, Plaintiffs claimed the filing of the federal class action lawsuit and general allegations concerning widespread wage-rate violations constituted "information" about potential statutory violations sufficient to trigger the Airport Board's duty to conduct an initial investigation for all hourly

1. There is one narrowly defined exception in which an aggrieved worker may directly access the court system, but this exception is not applicable here. *See* TEX. GOV'T CODE ANN. § 2258.056(c) (Vernon 2000) (right of action permitted against contractor and subcontractor for recovery of arbitration award if funds retained by public body are insufficient to satisfy award).

workers. During oral argument, Plaintiffs acknowledged their refusal to provide identifying information about the Additional Plaintiffs stemmed from the desire to construct a potential class.[2] Regardless of the impact on their litigation strategy, to obtain summary judgment on the request for mandamus, Plaintiffs were required to establish the Airport Board's refusal to perform its statutorily-imposed duty. A plaintiff cannot obtain a writ of mandamus to compel performance of a function the defendant has not refused to perform. *See Axelson, Inc. v. McIlhany,* 798 S.W.2d 550, 556 (Tex.1990). Even if we were to conclude the filing of the class action constituted "information" under the statute and a demand for performance of an initial determination, the summary judgment evidence does not establish the Airport Board refused to make an initial determination. Because there was no refusal, there was no failure to act requiring judicially-compelled performance. Consequently, the summary judgment order awarding mandamus should not have included the Additional Plaintiffs.

 The court also ordered the Airport Board to make an initial determination concerning the claims of a putative class. This is particularly problematic because there is no putative class. As described by Plaintiffs, the unnamed putative class consisted of the thousands of hourly workers employed to work on the Project. But Plaintiffs never moved for certification and a class was never certified. Until an action is certified, it is treated as if it were brought by plaintiffs suing on their own behalf. *See America Online, Inc. v. Williams,* 958 S.W.2d 268, 273 (Tex.App.-Houston [14th Dist.] 1997, no pet.). Therefore, the action should have been treated as a non-class suit brought and prosecuted by the named plaintiffs. In addition, there was no request for or order allowing provisional representation of the putative class until class counsel was appointed. *See* Tex.R. Civ. P. 42(g)(2)(A). The class action suit was dismissed before the court signed the summary judgment order. It is axiomatic that relief may not be afforded a putative class that does not exist.

### E. Standing

 Even if the class action had not been dismissed, the Original Plaintiffs lacked standing to assert claims on behalf of a putative class.[3] A named plaintiff must first satisfy the threshold requirement of individual standing without regard to class claims. *See Basham v, Audiovox Corp.,* 198 S.W.3d 9, 12 (Tex.App.-El Paso 2006, no pet.). If the named plaintiff lacks standing at the time a suit is filed, the trial court lacks subject matter jurisdiction over the class claims. *See Novak,* 52 S.W.3d at

---

2. Once an initial determination is made, a plaintiff has no standing to assert a claim in the district court because the statute requires arbitration of any dispute concerning the determination. *See* Tex. Gov't Code Ann. § 2258.053 (Vernon 2000). This precludes a named plaintiff from representing a putative class because a named plaintiff must have individual standing before he may assert a claim on behalf of a class. *See M.D. Anderson Cancer Center v. Novak,* 52 S.W.3d 704, 710 (Tex.2001).

3. Ordinarily, standing is the threshold inquiry made by a court. *See Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 553–54 (Tex.2000) (standing prerequisite to subject-matter jurisdiction). Here, the inquiry involves more than one determination because the individual standing analysis differs for the Original and Additional Plaintiffs. Unlike the Original Plaintiffs, the Additional Plaintiffs did have a personal stake in the controversy, and therefore had standing to assert their individual claims. The Additional Plaintiffs' claims fail not for lack of standing, but because they failed to establish a right to relief.

710. Here, there was no controversy between the Airport Board and the Original Plaintiffs because the initial determination had been made. Thus, the Original Plaintiffs had no standing to assert their claims. Because the Original Plaintiffs lacked standing to assert their individual claims, they also lacked standing to assert the claims of a putative class.

The Airport Board argues that even if permitted by statute, the trial court's order was not sufficiently definite as to the class and a class could never be certified. The issue of standing, however, differs from whether the requirements of Tex.R. Civ. P. 42 are met. *See Novak,* 52 S.W.3d at 710. Furthermore, the conjecture attendant to a determination of whether Rule 42 requirements *could* be met exceeds the scope of our authority in this appeal. *See Firemen's Ins. Co. v. Burch,* 442 S.W.2d 331, 333 (Tex.1968) (judicial authority does not embrace giving advisory opinions).

■■■■■ Because there is no class, all Plaintiffs lack standing to assert claims on behalf of anyone other than themselves. Standing focuses on the question of who may bring an action. *Patterson v. Planned Parenthood,* 971 S.W.2d 439, 442 (Tex.1998). To establish standing, a person must show a personal stake in the controversy. *In re B.I.V.,* 923 S.W.2d 573, 574 (Tex.1996). Whether a party has standing is predicated upon either statutory or common law authority. *Williams v. Lara,* 52 S.W.3d 171, 178 (Tex.2001). If standing is claimed pursuant to a statute, we construe the statute to determine upon whom the Texas Legislature conferred standing and whether the claimant falls in that category. *See In re Sullivan,* 157 S.W.3d 911, 915 (Tex.App.-Houston [14th

Dist.] 2005) (orig.proceeding). Under a common law analysis, the general test for standing requires a real controversy between the parties which will actually be determined by the judicial declaration sought. *See Austin Nursing Ctr. Inc., v. Lovato,* 171 S.W.3d 845, 849 (Tex.2005). Plaintiffs do not specify whether their alleged standing arises by statute or under the common law but the end result does not differ under either analysis. Even if we were to adopt the strained statutory construction Plaintiffs advance and conclude that the filing of a suit constituted "information" sufficient to trigger the Airport Board's duty to conduct an initial investigation for the thousands of workers who worked on the Project, the statute does not confer a right of enforcement on behalf of others.[4] *See* Tex. Gov't Code Ann. § 2258.021–.058 (Vernon 2000). Similarly, there is no real controversy because Plaintiffs have not been personally aggrieved by the alleged underpayment of other workers. As a result, Plaintiffs have no standing to assert a complaint on behalf of other workers.

■■■ The Airport Board also asserts Plaintiffs have not alleged they represent, either legally or by association, the thousands of workers who worked on the project. This confuses the question of standing with the question of capacity. A plaintiff has standing when he is personally aggrieved, regardless of whether he acts with legal authority; a party has capacity when it has legal authority to act, regardless of whether it has a justiciable interest in the controversy. *See Nootsie, Ltd. v. Williamson County Appraisal Dist.,* 925 S.W.2d 659, 661 (Tex.1996). The issue of capacity is not before this

---

4. Because Plaintiffs had no standing to prosecute the rights of the unnamed workers, we need not consider this issue.

court. We conclude the trial court erred when it granted summary judgment and ordered that a writ of mandamus issue requiring the Airport Board to make an initial determination for "relators and the putative class." The Airport Board's issue is sustained.

## DISMISSAL OF THE CLASS ACTION CLAIMS

■ In a cross-point, Plaintiffs contend the trial court erred when it granted the pleas to the jurisdiction and dismissed the class action. The Subcontractors respond that dismissal was proper because the trial court had no jurisdiction to determine the underpayment of claims under the statute. We agree with the Subcontractors.

### A. Standard of Review

■ A plea to the jurisdiction contests a trial court's subject matter jurisdiction. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex.1999); *Benefit Realty Corp. v. City of Carrollton*, 141 S.W.3d 346, 348 (Tex.App.-Dallas 2004, pet. denied). Whether a court has subject matter jurisdiction is a matter of law. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226–27 (Tex.2004). Accordingly, we review a challenge to the trial court's subject matter jurisdiction de novo. *Miranda*, 133 S.W.3d at 228; *Benefit Realty Corp.*, 141 S.W.3d at 348.

■ In *Miranda*, the Texas Supreme Court identified the regimen courts are to follow in analyzing whether a plea to the jurisdiction should be granted. *See Miranda*, 133 S.W.3d at 226–27. When, as here, a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *Id.*

### B. The Class Action Petition

The class action petition alleged the Airport Board, the general contractor, and the Subcontractors breached the public works contracts for the Project by failing to pay Plaintiffs and a putative class the prevailing wage rate as required by Tex. Gov't Code Ann. § 2258.021 (Vernon 2000). The petition requested a level three discovery control plan because "the damages exceed $50,000." Plaintiffs demanded a jury trial and requested the award of actual damages, penalties, interest, costs, and attorney's fees. The formula for the calculation of actual damages was described as the difference between wages and overtime received and the contractual and overtime wage rate. The petition neither references nor requests arbitration.

Plaintiffs do not dispute that their claims are subject to arbitration but claim the court is not deprived of jurisdiction merely because the dispute is subject to arbitration. The wage-rate statute provides that arbitration must be conducted in accordance with the Texas General Arbitration Act (TGAA). *See* Tex. Gov't Code Ann. § 2258.053 (Vernon 2000). Because the TGAA authorizes a trial court to issue certain orders to facilitate the arbitration process Tex. Civ. Prac. & Rem.Code Ann. § 171.085 (Vernon 2005) and to confirm an award Tex. Civ. Prac. & Rem.Code Ann. § 171.087 (Vernon 2005), Plaintiffs maintain the interplay between the two statutes vested the trial court with jurisdiction over this matter.

Plaintiffs' contention is misplaced. The issue is not whether the trial court is empowered to enter orders under the TGAA when arbitration is conducted pursuant to the wage-rate statute. Instead, the jurisdictional question turns on whether the petition alleges facts which affirmatively demonstrate the court's power to hear the case. In this context, the fact

that the statute references the TGAA is immaterial because Plaintiffs did not invoke the TGAA or any of the arbitration provisions expressly referenced in the wage-rate statute. The petition seeks a judicial determination of breach of contract claims under the wage-rate statute. The statute, however, expressly provides that wage-rate disputes are to be determined by arbitration. Therefore, the pleading fails to affirmatively demonstrate the court's jurisdiction to hear the case and the trial court did not err when it granted the pleas to the jurisdiction and dismissed the class action. Plaintiffs' cross-point is overruled.

We affirm the trial court's orders granting the pleas to the jurisdiction and dismissing the class action and reverse the trial court's summary judgment ordering the issuance of a writ of mandamus.