**E. Steve WATSON, Appellant,**

v.

**The HOMEOWNERS ASSOCIATION OF HERITAGE RANCH, INC.,**
**Appellee.**

No. 05–10–00364–CV.

Court of Appeals of Texas,
Dallas.

July 28, 2011.

E. Steve Watson, Attorney at Law, Allen, TX, pro se.

Robert L. Harris, Shannon, Gracey, Ratliff & Miller, LLP, Dallas, TX, for Appellee.

Before Justices MORRIS, MOSELEY, and MYERS.

## OPINION

Opinion By Justice MOSELEY.

E. Steve Watson sued The Homeowners Association of Heritage Ranch, Inc. (the HOA) seeking a writ of mandamus to permit him to inspect the books and records of the HOA. The HOA filed a general denial and raised the affirmative defenses that Watson's suit was not ripe or was moot because the HOA never denied him the right to examine and copy the HOA's books and records. Eventually the trial court granted the HOA's motion for summary judgment. Watson appeals, arguing in a single issue that genuine issues of material fact were raised regarding his claims and the HOA's affirmative defenses. We affirm the trial court's judgment.

Watson is a member of the HOA, which is a non-profit corporation. Former article 1396–2.23 gives members of a non-profit corporation the right, on a proper written demand, to examine and copy records as follows:

B.   A member of a corporation, on written demand stating the purpose of the demand, has the right to examine and copy, in person or by agent, accountant, or attorney, at any reasonable time, for any proper purpose, the books and records of the corporation relevant to that purpose, at the expense of the member.

Act of May 24, 1993, 73d Leg., R.S., ch. 733, § 12, 1993 Tex. Gen. Laws 2873, 2879 (expired Jan. 1, 2010) (current version at TEX. BUS. ORGS.CODE ANN. § 22.351 (West 2010)). The HOA's bylaws authorize the board of directors to establish reasonable rules regarding inspection of its records by members, including the notice to be given, the hours and days of the week when inspection may be made, and payment of the cost of reproducing requested copies of the documents.

Watson alleged he made a written demand to inspect the records of the HOA on May 20, 2009 to determine if the financial records of the HOA were properly and accurately kept and whether true results of the HOA's financial operations were communicated to the members. He alleged he was permitted to examine and copy some records, but that the HOA later refused to make additional records available. In an e-mail dated September 9, 2009, Watson requested additional documents regarding the relationship between the HOA and Western Golf Properties (WGP), the manager of the golf course located on the subdivision. On September 18, 2009, Watson made a formal written demand to review the additional documents, stating the same purpose as in his May 20, 2009 demand. He stated that he would file suit to enforce his rights if the additional documents were not made available to him by September 30, 2009. Watson alleged the HOA advised him on September 30, 2009 that it would review his request at the board meeting in October, "but gave no assurance that Plaintiff would be permitted continued access to such records for purposes of examination and/or

copying." Watson filed this suit on October 1, 2009.

The HOA moved for summary judgment, asserting that the HOA had not refused Watson's written demands to examine and copy its books and records, that Watson's assertions that the HOA would not permit him to examine the books and records in the future were not ripe, and that Watson's prior written demands were moot because he had been permitted to examine and copy the books and records both before suit was filed and again on November 16 and 17 and December 21, 2009. Watson's response and his affidavit argue he was given limited access to some documents for approximately two days before he filed suit. After he filed the suit, he was denied access until November 16, 2009 and again until December 22, 2009, when he was allowed to examine records for a period of less than two days. The trial court granted the HOA's motion for summary judgment without specifying the grounds on which it relied.

■ We review a trial court's summary judgment de novo. *See Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex.2003). We apply the well-established standards for reviewing summary judgments. *See Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985); *see also* TEX.R. CIV. P. 166a. An original proceeding for a writ of mandamus initiated in the trial court is a civil action subject to trial and appeal on substantive law issues and the rules of procedure as any other civil suit. *Anderson v. City of Seven Points*, 806 S.W.2d 791, 795 n. 1 (Tex.1991). There are three requisites to a common law action for a writ of mandamus: a legal duty to perform a non-discretionary act, a demand for performance of the act, and a refusal to perform. *Dallas Fort Worth Int'l Airport Bd. v. Cox*, 261 S.W.3d 378, 382 (Tex.App.-Dallas 2008, no pet.).

■ Watson's request for mandamus is based on the HOA's alleged refusal to perform its legal duty under article 1396–2.23 to permit him to inspect its books and records. To invoke the right to examine and copy records under that statute, the member of the non-profit corporation must make a written demand stating a proper purpose. He may then examine and copy, at any reasonable time, the books and records relevant to the proper purpose at his expense. *See* Act of May 24, 1993, 73d Leg., R.S., ch. 733, § 12, 1993 Tex. Gen. Laws 2873, 2879 (expired Jan. 1, 2010).

To establish entitlement to the writ of mandamus, Watson was required to show (1) the HOA had a legal duty under article 1396–2.23, (2) he made a written demand stating a proper purpose, and (3) the HOA refused to permit him to examine the books and records at a reasonable time. *See Cox*, 261 S.W.3d at 382. The HOA does not claim that Watson's stated purpose was improper.

The summary judgment evidence shows Watson made the May 20, 2009 and September 18, 2009 written demands described above. The summary judgment record indicates the HOA gave Watson access to the HOA's books and records in response to the May 20, 2009 written demand.[1]

The HOA's September 30, 2009 letter stated that the board had discussed Watson's September 18 demand and "agreed that there is not a problem in you examin-

---

1. Watson reviewed the 2007–2009 balance sheets, 2007–2009 profit & loss statements, 2007–2009 trial balance of the general ledger associated with the golf course and restaurant, and other documents including the reserve analysis and audited financial statements from 2003 through 2008.

ing the records you requested." The letter also stated the board decided it needed to establish a policy for payment of the costs associated with the making the records available and copying them and would do so at its October meeting. The letter indicated Watson would be allowed to review the charges and proceed with his request at that time.

The HOA's president testified in his affidavit that, after Watson filed suit, he again examined the HOA's books and records for approximately twenty-two hours on November 16 and 17 and December 21, 2009.[2] The president also testified the HOA would make its books and records available to Watson in the future after proper notice of a proper purpose and at a reasonable time at Watson's expense.

Watson's response and affidavit state that he was denied access to the records at various times, but admit that he was given access on November 16, 2009 and on December 22, 2009. He does not dispute that he was permitted to examine and copy the HOA's records for a total of approximately twenty-two hours in November and December.

Watson's summary judgment response is replete with allegations of improper accounting practices, failures to document transactions, and false and misleading financial records of the HOA. These assertions, however, are not material to whether the HOA refused to permit him to examine

the books and records at a reasonable time.[3]

We conclude the summary judgment record establishes that the HOA did not deny Watson's written demands to examine and copy the relevant books and records. Accordingly, the trial court did not err by granting the HOA's motion for summary judgment. We overrule Watson's sole issue.

We affirm the trial court's judgment.

---

2. Watson examined and copied monthly statements, balance sheets, profit and loss statements, cash flow statements, account and reserve reconciliations, annual audited statements, invoices, checks, the general ledger, contracts with WGP, other financial records, and membership lists during the November and December 2009 inspection dates.

3. Watson also complains about the sufficiency of the HOA's responses to discovery in the

litigation, but the record does not indicate the trial court was ever asked to rule on these complaints. Whether the HOA properly responded to the discovery requests in this case does not bear on whether it complied with its statutory duty under article 1396–2.23. Thus, Watson's complaints about discovery do not raise a genuine issue of material fact in response to the motion for summary judgment.