

# NUMBER 13-23-00539-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

CHRISTOPHER LABARBERA,
DEBBIE HAFNER,
OMAR RODRIGUEZ,
MATTHEW GARZA,
JONAH GILBERT,
BRODERICK MOORE,
CHRISTOPHER HERNANDEZ,
AND ROBERT SPENCER,                                    Appellants,

v.

WEAVER & JACOBS
CONSTRUCTORS, INC.,                                    Appellee.

## ON APPEAL FROM THE 36TH DISTRICT COURT
## OF SAN PATRICIO COUNTY, TEXAS

# OPINION

**Before Justices Silva, Peña, and Cron**
**Opinion by Justice Silva**

Appellants Christopher Labarbera, Debbie Hafner, Omar Rodriguez, Matthew Garza, Jonah Gilbert, Broderick Moore, Christopher Hernandez, and Robert Spencer appeal the trial court's order granting appellee Weaver & Jacobs Constructors, Inc.'s (Weaver) plea to the jurisdiction. In their sole issue, appellants argue that the trial court erred by ruling it lacked subject-matter jurisdiction over the case. We reverse and remand.

## I. BACKGROUND

On February 7, 2023, appellants filed their original petition alleging that they performed work on the Gregory-Portland ISD Middle School Project (Project), a public works project governed by Chapter 2258 of the government code. *See* TEX. GOV'T CODE ANN. § 2258.002(a). Weaver is the general contractor for the Project. Chapter 2258 requires workers employed on a public work to be paid the prevailing wage rate. *Id.* § 2258.021. Appellants alleged that they were paid less than the prevailing wage rate for "work [performed] under the electrician classification on the Project" and sought the appointment of an arbitrator under § 2258.053(b) to "arbitrate the dispute between [appellants] and [Weaver] concerning the failure to pay [appellants] prevailing wages for their electrician work on the Project." *See id.* § 2258.053(b) (requiring a district court to appoint an arbitrator under certain circumstances).

On March 6, 2023, Weaver filed its original answer generally denying appellants' petition and arguing that appellants lacked standing to "assert claims against [Weaver] under [Chapter 2258 of the Texas Government Code] or otherwise."

On May 18, 2023, appellants filed a motion for summary judgment, arguing there was no issue of material fact concerning their entitlement to the appointment of an

2

arbitrator over "the dispute between [appellants] and [Weaver] pertaining to [appellants'] claims of prevailing wage violations." Appellants attached summary judgment evidence, which included four written complaints sent by David Carranco[1] on behalf of appellants to Dr. Michelle Cavazos, the superintendent of Gregory-Portland Independent School District (GPISD). These complaints were dated August 4, 2022, November 2, 2022, December 13, 2022, and December 22, 2022. The complaints alleged that appellants were employees of subcontractor TL Electric, Inc. (TL), that TL failed to pay appellants the prevailing wage for their performed work on the Project, and that "Weaver . . . failed to ensure that they were paid in accordance with Weaver['s] contract and state law." Appellants also attached three electronic communications dated September 20, 2022, December 13, 2022, and January 5, 2023, from GPISD assistant superintendent Ismael Gonzalez III to Carranco informing him that GPISD "did not find merit to the complaint." These electronic communications do not indicate which specific complaint is being referenced, nor do they name any of the appellants. Additionally, the electronic communications reference attached PDF documents and the digital names of said documents; however, those documents were not included in appellants' summary judgment evidence.

On October 18, 2023, Weaver filed its response to appellants' motion for summary judgment and a separate plea to the jurisdiction. In its plea, Weaver argued, among other things, that appellants lacked standing "to compel [Weaver] to arbitration under [Chapter

---

[1] According to the complaints, Carranco is the "Business Manager/Financial Secretary" of the International Brotherhood of Electrical Workers, Local Union No. 278.

2258 of the Texas Government Code] because appellants were never employed by Weaver . . . and it had no duty to pay [appellants'] prevailing wages." *See id.* § 2258.021. In asserting this argument, Weaver cited to statutory standing cases. *See In re Kherkher*, 604 S.W.3d 548, 552 (Tex. App.—Houston [14th Dist.] 2020, no pet.) (discussing statutory standing); *City of Dallas v. E. Vill. Ass'n*, 480 S.W.3d 37, 43 (Tex. App.—Dallas 2015, pet. denied) (same). Weaver further argued that appellants had "no issue to resolve with Weaver" pursuant to § 2258.053 of the government code because "it had no obligation to pay them prevailing wages under [§] 2258.023." *See* TEX. GOV'T CODE ANN. §§ 2258.023, .053. In support of its motion, Weaver attached several exhibits including each appellant's response to Weaver's interrogatories, requests for production, and requests for admissions, as well as an affidavit by TL's president Tommie Lee and three letters from Lee to Cavazos. In the letters, Lee stated that all the complaints, except for Spencer's, were "frivolous and ha[d] no merit" and provided his explanations. Regarding Weaver's request for admissions, each appellant admitted that they had never been employees of Weaver, but instead were employees of TL and communicated exclusively with TL regarding their work on the Project. Moreover, appellants' responses to Weaver's interrogatories stated the following:

> **INTERROGATORY NO. 14**: If you contend Weaver . . . had a duty to ensure you were paid prevailing wages, please explain in your own words why you believe Weaver . . . is responsible for you not receiving prevailing wages.
>
> **ANSWER**: Weaver . . . was the general contractor on the Project.

On November 11, 2023, appellants filed a reply to Weaver's summary judgment response, but did not file a response to Weaver's plea to the jurisdiction. On November

4

20, 2023, the trial court held a hearing on Weaver's plea to the jurisdiction and signed its order granting Weaver's plea on November 29, 2023. The trial court did not enter findings of facts or conclusions of law and the parties requested none. This appeal followed.[2]

## II. STANDARD OF REVIEW AND APPLICABLE LAW

A plea to the jurisdiction challenges the trial court's power to exercise subject-matter jurisdiction over a claim. *Tex. Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004). We review a trial court's decision on a plea to the jurisdiction de novo. *Tex. Health & Hum. Servs. Comm'n v. Pope*, 674 S.W.3d 273, 280–81 (Tex. 2023). "A plea to the jurisdiction may challenge the pleadings, the existence of jurisdictional facts, or both." *Tex. Dep't of Crim. Just. v. Rangel*, 595 S.W.3d 198, 205 (Tex. 2020) (citation omitted). When a plea to the jurisdiction challenges the pleadings, "we determine if the plaintiff has alleged facts affirmatively demonstrating subject-matter jurisdiction." *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018). "If, however, the plea challenges the existence of jurisdictional facts, we must move beyond the pleadings and consider evidence when necessary to resolve the jurisdictional issues, even if the evidence implicates both subject-matter jurisdiction and the merits of a claim." *Id.* at 770–71.

---

[2] On October 15, 2024, Weaver filed a motion for involuntary dismissal of appellants' appeal and we carried said motion with the case. In said motion, Weaver states that an arbitrator had ordered that appellants "take nothing" on their prevailing wage rate claims against TL. Weaver argues that this arbitration award rendered appellants' appeal moot. Mootness occurs when a case no longer presents a live controversy. *Tex. Dep't of Fam. & Protective Servs. v. Grassroots Leadership, Inc.*, 717 S.W.3d 854, 862 (Tex. 2025). It appears that Weaver is relying on the doctrine of issue preclusion, also known as collateral estoppel. However, issue preclusion is an affirmative defense, not a jurisdictional basis for dismissing this appeal. *See Calabrian Corp. v. All. Specialty Chemicals, Inc.*, 418 S.W.3d 154, 158 (Tex. App.—Houston [14th Dist.] 2013, no pet.). Accordingly, we deny Weaver's motion to dismiss.

"Standing is a component of subject-matter jurisdiction that cannot be waived and thus may be raised at any time, including on appeal." *Mosaic Baybrook One, L.P. v. Simien*, 674 S.W.3d 234, 250 (Tex. 2023). "A court has no jurisdiction over a claim made by a plaintiff who lacks standing to assert it." *Heckman v. Williamson County*, 369 S.W.3d 137, 150 (Tex. 2012). Standing to sue may be predicated upon either statutory or common-law authority. *See Williams v. Lara*, 52 S.W.3d 171, 178–79 (Tex. 2001). When standing is conferred by statute, the statute itself serves as the correct framework for a standing analysis. *See In re Smith*, 260 S.W.3d 568, 572 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *see also Tex. Dep't of Protective and Regulatory Servs. v. Sherry*, 46 S.W.3d 857, 861 (Tex. 2001) (reviewing applicable standing provisions in Texas Family Code to determine whether purported father had standing). Well-established rules guide our analysis of a statute's language. We analyze statutes "as a cohesive, contextual whole, accepting that lawmaker-authors chose their words carefully, both in what they included and in what they excluded." *Sommers for Alabama and Dunlavy, Ltd. v. Sandcastle Homes, Inc.*, 521 S.W.3d 749, 754 (Tex. 2017). Fundamentally, we look to the statute's text—to the words it actually uses—and apply the common, ordinary meaning of those words "unless the text supplies a different meaning or the common meaning leads to absurd results." *Tex. Health Presbyterian Hosp. of Denton v. D.A.*, 569 S.W.3d 126, 131 (Tex. 2018). We construe the words in light of their statutory context, considering the statute as a whole. *Silguero v. CSL Plasma, Inc.*, 579 S.W.3d 53, 59 (Tex. 2019). If the text's meaning is unambiguous, we do not resort to extrinsic aids or special rules of construction. *Crosstex Energy Servs., L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 389

6

(Tex. 2014). When possible, we construe the language in a way that does not render any part of the statute meaningless. *Whole Woman's Health v. Jackson*, 642 S.W.3d 569, 581 (Tex. 2022).

### III.    PREVAILING WAGE RATES

Section 2258.021 of the Texas Government Code, titled "Right to Be Paid Prevailing Wage Rates," states:

(a)    A worker employed on a public work by or on behalf of the state or a political subdivision of the state shall be paid:

(1)    not less than the general prevailing rate of per diem wages for work of a similar character in the locality in which the work is performed; and

(2)    not less than the general prevailing rate of per diem wages for legal holiday and overtime work.

. . . .

(c)    A worker is employed on a public work for the purposes of this section if the worker is employed by a contractor or subcontractor in the execution of a contract for the public work with the state, a political subdivision of the state, or any officer or public body of the state or a political subdivision of the state.

TEX. GOV'T CODE ANN. § 2258.021. [3] Section 2258.023 requires contractors and subcontractors to pay their employees prevailing wage rates as determined by the method prescribed in § 2258.022:

(a)    The contractor who is awarded a contract by a public body or a subcontractor of the contractor shall pay not less than the rates determined under [§] 2258.022 to a worker employed by it in the execution of the contract.

---

[3] Chapter 2258 "applies only to the construction of a public work, including a building, highway, road, excavation, and repair work or other project development or improvement, paid for in whole or in part from public funds, without regard to whether the work is done under public supervision or direction." TEX. GOV'T CODE ANN. § 2258.002(a). It is undisputed that the Project is a public work.

(b)     A contractor or subcontractor who violates this section shall pay to the state or a political subdivision of the state on whose behalf the contract is made, $60 for each worker employed for each calendar day or part of the day that the worker is paid less than the wage rates stipulated in the contract. A public body awarding a contract shall specify this penalty in the contract.

(c)     A contractor or subcontractor does not violate this section if a public body awarding a contract does not determine the prevailing wage rates and specify the rates in the contract as provided by [§] 2258.022.

(d)     The public body shall use any money collected under this section to offset the costs incurred in the administration of this chapter.

(e)     A municipality is entitled to collect a penalty under this section only if the municipality has a population of more than 10,000.

*Id.* § 2258.023.

Public bodies awarding construction contracts subject to the prevailing wage rate provisions are required to "take cognizance" of complaints concerning statutory violations. *Id.* § 2258.051; *see also Dall. Fort Worth Int'l Airport Bd. v. Cox*, 261 S.W.3d 378, 383 (Tex. App.—Dallas, 2008 no pet.). The statute establishes a mandatory claim process by which, on receipt of information concerning an "alleged violation of [§] 2258.023 by a contractor or subcontractor," a public body is required to make an initial determination "as to whether good cause exists to believe the violation occurred." TEX. GOV'T CODE ANN. § 2258.052(a). The public body must make its determination before the 31st day after the date it receives the information and notify the contractor or subcontractor and any affected worker of its initial determination in writing. *See id.* § 2258.052(b), (c). After a public body makes its initial determination concerning an issue related to an alleged violation of § 2258.023, "the contractor or subcontractor and any affected worker" are required to

8

arbitrate if they do not resolve the issue by agreement "before the 15th day after the date the public body makes its initial determination under [§] 2258.052." *Id.* § 2258.053(a). "[A] district court shall appoint an arbitrator on the petition of any of the persons [required to arbitrate under § 2258.053(a)]" if those persons "do not agree on an arbitrator before the 11th day after the date that arbitration is required." *Id.* § 2258.053(b). A public body is not considered a party in the arbitration. *See id.* § 2258.053(c). A district court does not have jurisdiction to resolve substantive disputes regarding alleged violations of § 2258.023. *See id.* § 2258.053(b); *Cox*, 261 S.W.3d at 383.

If an arbitrator determines that § 2258.023 has been violated, it "shall assess and award against the contractor or subcontractor . . . all amounts owed to the affected worker" and "penalties as provided by [§§] 2258.023 and [2258.054]." TEX. GOV'T CODE ANN. § 2258.054(a). The statute further provides that:

> An arbitrator shall assess and award all reasonable costs, including the arbitrator's fee, against the party who does not prevail. Costs may be assessed against the worker only if the arbitrator finds that the claim is frivolous. If the arbitrator does not find that the claim is frivolous and does not make an award to the worker, costs are shared equally by the parties.

*Id*. § 2258.054(b). An arbitrator's decision and award are "final and binding on all parties and may be enforced in any court of competent jurisdiction." *Id*. § 2258.055. Section 2258.056 requires a public body to pay a worker "the difference between the amount the worker received in wages for labor on the public work at the rate paid by the contractor or subcontractor and the amount the worker would have received at the general prevailing wage rate as provided in the arbitrator's award," using "any amounts retained under [Chapter 2258]." *Id.* § 2258.056(a). However, if the amounts retained are insufficient for

the public body to pay the worker the full amount owed, "the worker has a right of action against the contractor or subcontractor and the surety of the contractor or subcontractor to recover the amount owed, reasonable attorney's fees, and court costs." *Id.* § 2258.056(c).

## IV. ANALYSIS

Appellants agree that they are not employees of Weaver, as demonstrated by the evidence provided by the parties. Nonetheless, appellants argue that the trial court erred in granting Weaver's plea to the jurisdiction because Weaver's "sole theory"—i.e., that a "general contractor is not subject to Chapter 2258's arbitration process when complaints are brought against it by employees of a subcontractor"—"should be rejected because it conflicts with the language of the statute." According to appellants, Weaver's argument "add[s] words to the statute, so that it provides that complaints may be filed and arbitrated against a 'contractor or subcontractor,['] but only if the entity directly employed the affected worker."

This case presents an issue of first impression. The parties provide us with no authorities, and we have found none, that have addressed whether employees of a subcontractor have standing to file a petition compelling a general contractor to arbitrate pursuant to § 2258.053. Because standing to bring a suit compelling arbitration for claims of prevailing wage rates violations is governed by statute, we apply statutory-interpretation principles in determining whether appellants fell outside the category of persons upon whom such standing has been conferred.

10

As demonstrated above, the mandatory claims process which must precede arbitration of a complaint of an alleged prevailing wage rate violation is governed by §§ 2258.052–.053. *See* TEX. GOV'T CODE ANN. §§ 2258.052–.053. Pursuant to § 2258.053, the requirements for the appointment of an arbitrator by a district court include: (1) a worker's complaint of an alleged prevailing wage rate violation by a contractor or subcontractor to a public body, *see id.* § 2258.052(a); (2) an initial determination of the complaint by the public body, *see id.* § 2258.052(b), (c); (3) a failure to resolve the complaint by agreement by "the contractor or subcontractor and any affected worker" within the time period specified, *see id.* § 2258.053(a); and (4) a failure of "the contractor or subcontractor and any affected worker" to agree on an arbitrator within the time period specified, *see id.* § 2258.053(b). If these requirements are met, a district court shall appoint an arbitrator on petition of a contractor, subcontractor, or worker whom complained of a prevailing wage rate violation. *See id.* § 2258.053(b). Accordingly, we conclude § 2258.053(b) confers standing to a worker who complains of a prevailing wage rate violation by a contractor or subcontractor, as well as a contractor or subcontractor subject to a prevailing wage rate complaint.

Weaver argues on appeal that Chapter 2258 did not create a "private right of action" in which employees of subcontractors could bring against general contractors. Notwithstanding § 2258.056(c), Chapter 2258 does not permit workers to directly sue contractors or subcontractors for alleged prevailing wage rate violations. *See id.* § 2258.056(c). As noted above, a district court does not have jurisdiction to resolve substantive disputes regarding alleged prevailing wage rate violations. *See id.*

11

§ 2258.053(b); *Cox*, 261 S.W.3d at 383. However, appellants' petition did not seek damages for alleged prevailing wage rate violations. Rather, appellants' sought appointment of an arbitrator under § 2258.053(b). *See* TEX. GOV'T CODE ANN. § 2258.053(b). Therefore, we conclude Weaver's arguments on appeal are not relevant as to whether appellants lack standing to file a petition seeking arbitration under § 2258.053(b). *See id.*

As noted supra, the arbitration process is triggered when a public body receives notice of an "alleged violation of § 2258.023 by a contractor or subcontractor," "including a complaint by a worker." *Id.* § 2258.052(a). We agree with Weaver that the plain language of § 2258.023(a) requires contractors or subcontractors to pay only *their own respective employees* the prevailing wage rates in the execution of a public works contract. *See id.* § 2258.023(a). However, that section is not dispositive of the issue before us. *See Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554–55 (Tex. 2000) (stating that courts should not decide standing based on its views of the merits of the asserted claims). Nothing in the plain language of § 2258.052 requires that notice of an alleged § 2258.023 violation must originate from a worker actually employed by the alleged violator—be it contractor or subcontractor. *See* TEX. GOV'T CODE ANN. § 2258.052; *Sommers*, 521 S.W.3d at 754; *see also R.R. Comm'n of Tex. v. Tex. Citizens for a Safe Future & Clean Water*, 336 S.W.3d 619, 628 (Tex. 2011) ("When the Legislature uses a word or phrase in one portion of a statute but excludes it from another, the term should not be implied where it has been excluded."). Notably, under the statute, the claims process begins upon any complaint to the public body "by a worker," not necessarily an

employee. *See* TEX. GOV'T CODE ANN. § 2258.052. Had the Legislature intended to require such complaints to originate from an "employee" of the allegedly offending contractor or subcontractor, it could have easily done so. *See Hogan v. Zoanni*, 627 S.W.3d 163, 169 (Tex. 2021) (noting we "presume the Legislature chose statutory language deliberately and purposefully . . . and that it likewise excluded language deliberately and purposefully"). Nor do we conclude that the plain reading of the statute leads to an absurd result—namely, that non-employees may have standing to file a petition seeking arbitration under § 2258.053. *See Tex. Health Presbyterian Hosp. of Denton*, 569 S.W.3d at 131. Consequently, the fact that appellants are non-employees of Weaver does not cause appellants to be classified outside the category of persons upon whom standing has been conferred to file a petition seeking arbitration under § 2258.053. *See* TEX. GOV'T CODE ANN. § 2258.053; *In re Smith*, 260 S.W.3d at 572. Because Weaver asserted no other theory as to why appellants lacked standing, we conclude that the trial court erred in granting Weaver's plea to the jurisdiction. We sustain appellants' sole issue.

## V.    CONCLUSION

We reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.[4]

CLARISSA SILVA
Justice

Delivered and filed on the
1st day of December, 2025.

---

[4] All pending motions are denied.