**In re Kevin John SMITH and Debbie Stanley Smith, Relators.**

Nos. 14–08–00164–CV, 14–08–00282–CV.

Court of Appeals of Texas, Houston (14th Dist.).

July 3, 2008.

Sallee S. Smyth, Richmond, for Relators.

Glenn H. Devlin, William B. Connolly, Houston, for real party in interest.

Panel consists of Justices FROST and SEYMORE, and Senior Justice PRICE.*

## OPINION

KEM THOMPSON FROST, Justice.

This mandamus proceeding arises out of a custody dispute between a minor child's paternal grandparents. The paternal grandfather and his wife are the child's joint managing conservators. They seek a writ of mandamus ordering the trial court to vacate temporary orders that granted the child's paternal grandmother's request for grandparent access to the child. We deny the requested relief.

## BACKGROUND

In an agreed decree entered March 28, 2006, the trial court judge [1] found that the best interests of minor child E.R.S. would not be served by appointing her parents as managing conservators. Relator Kevin Smith is the child's paternal grandfather. Kevin, together with his wife, relator Debbie Smith, were appointed as the child's joint managing conservators; the parents were named as joint possessory conservators and were granted limited access to the child. Real party in interest, Lisa Bobo, the child's paternal grandmother, did not participate in these initial conservatorship proceedings.

Occasionally, the Smiths permitted Lisa to visit her granddaughter; however, they ultimately concluded that the informal visitation arrangement was unacceptable, and denied Lisa further access to the child. Lisa responded by filing a modification petition for grandparent access. *See* Tex. Fam.Code Ann. § 153.432 (Vernon Supp. 2007). The trial judge referred the case to the Honorable Aneeta Jamal, who serves the 314th District Court as a juvenile law master.[2] The master conducted a hearing on Lisa's request for temporary orders. After hearing testimony from Kevin and Lisa, the master awarded standard possession to Lisa while simultaneously suspending the biological parents' visitation rights.[3]

---

* Senior Justice Price sitting by assignment.

1. The Honorable John Phillips, presiding judge of the 314th District Court of Harris County, Texas

2. *See* Harris County Juvenile Trial Div. Loc. R. 3.6 (providing for referral of any case

brought under Family Code titles 1 through 5).

3. The parents, who consented to Lisa's suit, have not challenged the temporary orders that suspended their visitation rights.

The Smiths asked the trial court to conduct a de novo appeal under the Family Code. *See id.* § 201.015(f) (Vernon Supp. 2007). The trial judge denied the request, and overruled the Smiths' objection that Lisa lacked the legal standing to request access. These two mandamus proceedings followed, with each containing different grounds to challenge the trial court's grant of access. We grant the Smiths' motion to consolidate the mandamus actions, and will address both in this opinion.

We hold that the trial court did not abuse its discretion in (1) denying the request for a de novo appeal, (2) ruling that Lisa has legal standing to request access, and (3) adopting the master's recommendation that Lisa be granted temporary access pending final disposition. We therefore deny the Smiths' mandamus petition.

## STANDARD OF REVIEW

■ Mandamus relief will lie if the relator establishes a clear abuse of discretion for which there is no adequate appellate remedy. *In re AutoNation, Inc.*, 228 S.W.3d 663, 667 (Tex.2007) (orig.proceeding). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to constitute a clear and prejudicial error of law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992) (orig.proceeding). With respect to the resolution of factual issues, the reviewing court may not substitute its judgment for that of the trial court. *Id.* The relator therefore must establish that the trial court reasonably could have reached only one decision. *Id.* at 840. On the other hand, a trial court has no discretion in determining what the law is or applying the law to the facts; therefore, a clear failure by the trial court to analyze or apply the law correctly constitutes an abuse of discretion. *Id.* Thus, a trial court's erroneous legal conclusion consti-

tutes an abuse of discretion, even in an unsettled area of law. *Huie v. DeShazo*, 922 S.W.2d 920, 927–28 (Tex.1996) (orig.proceeding).

## DE NOVO APPEAL

■ The Smiths contend that the trial court abused its discretion in refusing to conduct a de novo hearing. Under section 201.015, after an appropriate family law case has been referred to an associate judge, the referring court—upon request—must timely conduct a de novo hearing. *See* Tex. Fam.Code Ann. § 201.015(f) (Vernon Supp. 2007); *Fountain v. Knebel*, 45 S.W.3d 736, 739 (Tex. App.-Dallas 2001, no pet.). Because this case was brought in a Harris County juvenile district court, however, section 201.015 does not apply.

The 314th District Court has been designated as a "juvenile court" under Government Code section 23.001. *See* Harris County R. Jud. Admin. 9.1.3; *see generally In re T.A.W.*, 234 S.W.3d 704, 704–05 (Tex. App.-Houston [14th Dist.] 2007, pet. denied). The statutory authorization for appointment of juvenile law masters in a juvenile court differs from that which permits the appointment of associate judges in family district courts. *Compare* Tex. Gov't Code Ann. § 54.681 (Vernon 2005) *with* Tex. Fam.Code Ann. § 201.001 (Vernon Supp. 2007). Because Aneeta Jamal was appointed as a juvenile law master under the Government Code, those specific provisions apply instead of the Family Code's more general provisions. *See In re S.M.E.*, No. 14–02–00350–CV, 2003 WL 124401, at *2 (Tex.App.-Houston [14th Dist.] 2003, pet. denied) (mem.op.).

The Government Code does not provide for mandatory de novo review of a master's recommendations. *See id.* Instead, the juvenile court judge "*may* adopt, modify, correct, reject, or reverse the master's

report or may recommit it for further information, *as the court determines to be proper and necessary in each case.*" Tex. Gov't Code Ann. § 54.697 (Vernon 2005) (emphasis added). Therefore, the trial court did not abuse its discretion in denying a hearing de novo from the juvenile law master's report. *See S.M.E.*, 2003 WL 124401, at *2.

We overrule the Smiths' first issue.

### STANDING

The Smiths argue that, because the child's father had court-ordered access to the child under the Decree, Lisa lacked standing to request grandparent access. Their argument is premised upon Family Code section 153.433, which provides that a court shall grant grandparent access if certain conditions have been met. Pertinent to this inquiry, one of those conditions is that the grandparent must be a parent of a parent of the child, and the parent "does not have actual or court-ordered possession of or access to the child." *See* Tex. Fam.Code Ann. § 153.433(3)(D) (Vernon Supp. 2007). Lisa is the mother of the child's father. Because the decree granted the child's father limited access to E.R.S., the Smiths contend that Lisa lacked standing. We disagree.

■ "Standing is implicit in the concept of subject matter jurisdiction." *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex.1993). A party's lack of standing deprives the trial court of subject matter jurisdiction, and renders any trial court action void. *Taub v. Aquila Sw. Pipeline Corp.*, 93 S.W.3d 451, 455 (Tex. App.-Houston [14th Dist.] 2002, no pet.). Whether a party has standing is a threshold issue, and one which we review de

novo. *See In re SSJ–J*, 153 S.W.3d 132, 134 (Tex.App.-San Antonio 2004, no pet.); *Hobbs v. Van Stavern*, 249 S.W.3d 1, 3 (Tex.App.-Houston [1st Dist.] 2006, pet. denied). When standing has been conferred by statute, the statute itself should serve as the proper framework for a standing analysis. *In re Sullivan*, 157 S.W.3d 911, 915 (Tex.App.-Houston [14th Dist.] 2005, orig. proceeding [mand. denied]). We review the trial court's interpretation of applicable statutes de novo. *See Johnson v. City of Fort Worth*, 774 S.W.2d 653, 656 (Tex.1989). In construing a statute, our objective is to determine and give effect to the legislative intent. *See Nat'l Liab. & Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 527 (Tex.2000). If possible, we must ascertain that intent from the language the Legislature used in the statute and not look to extraneous matters for an intent the statute does not state. *Id.* If the meaning of the statutory language is unambiguous, we adopt the interpretation supported by the plain meaning of the provision's words. *St. Luke's Episcopal Hosp. v. Agbor*, 952 S.W.2d 503, 505 (Tex. 1997). We must not engage in forced or strained construction; instead, we must yield to the plain sense of the words the Legislature chose. *See id.*

■ The Family Code provides that a biological or adoptive grandparent may request access to a grandchild. *See* Tex. Fam.Code Ann. § 153.432. As the child's biological grandmother, Lisa meets this standing requirement. The Smiths contend, however, that section 153.433 imposes additional conditions for standing. The plain statutory language does not support this interpretation. Sections 153.432 and 153.434[4] expressly speak in terms of when

---

4. Section 153.434—which precludes certain grandparents from requesting access under select circumstances—does not come into

play under the facts of this case. *See* Tex. Fam.Code Ann. § 153.434 (Vernon Supp. 2007).

a grandparent "may request" or "may not request" access or possession, and therefore address the right to file an access suit. *See* Tex. Fam.Code Ann. §§ 153.432, 153.434. By contrast, section 153.433 outlines when "[t]he court shall order" possession or access. *See id.* § 153.433.

Not surprisingly, Texas courts consistently have held that a grandparent's standing to request access is conferred by section 153.432, not 153.433: "Section 153.432 of the family code does give grandparents standing to petition the court for access to or possession of a child. Section 153.433 identifies the conditions under which such possession or access will be granted." *In re H.M.J.H.*, 209 S.W.3d 320, 322 (Tex.App.-Dallas 2006, no pet.).[5] Although a successful access suit might require the grandparent to satisfy section 153.433, whether the grandparent ultimately will succeed is a different question than whether the grandparent has the right simply to bring suit. *See generally In re C.M.C.*, 192 S.W.3d 866, 869–70 (Tex. App.-Texarkana 2006, no pet.) ("[A] decision concerning whether a party has standing is not a decision deciding the merits of a case."); *In re SSJ–J*, 153 S.W.3d at 138 ("[S]tanding does not mean the right to win; it is only a right to be heard.").

The Smiths have not cited any authority holding that section 153.433 deals with standing.[6] In addition, we note that a grandparent has standing to request managing conservatorship, if both parents consent. *See* Tex. Fam.Code Ann. § 102.004(a) (Vernon Supp. 2007). Yet, the Smiths' interpretation of section 153.433 would impose more standing requirements on a grandparent seeking mere access, than one asking for the more extensive remedy of managing conservatorship. Under the unambiguous language of section 153.433, we conclude that this statute does not deal with standing.

Under section 153.432, because Lisa is the child's biological grandparent, she has legal standing to petition for access. *See* Tex. Fam.Code Ann. § 153.432. We therefore overrule the Smiths' second issue.

## PARENTAL PRESUMPTION

Finally, the Smiths contend that the trial court abused its discretion in granting access to Lisa in the temporary order because she failed to prove that the denial of access to E.R.S. would significantly impair the child's physical or emotional well-being.[7] *See* Tex. Fam.Code Ann.

---

5. *See also In re Derzapf*, 219 S.W.3d 327, 331–32 (Tex.2007) (orig.proceeding) (analyzing a standing challenge under section 153.432); *In re Schoelpple*, No. 14–06–01038–CV, 2007 WL 431877, at *2 (Tex.App.-Houston [14th Dist.] 2007, orig. proceeding) (mem.op.) (same); *In re Pensom*, 126 S.W.3d 251, 255 (Tex.App.-San Antonio 2003, orig. proceeding) ("Because the statute allows only grandparents to petition for access, the jurisdictional prerequisite of standing serves to ensure that the statutory scheme is narrowly tailored[.]"); *In re Walters*, 39 S.W.3d 280, 285 n. 1 (Tex.App.-Texarkana 2001, no pet.); *Banta v. Texas Dep't of Family & Protective Svcs.*, No 13–06–548–CV, 2007 WL 2128901, at *3 (Tex.App.-Corpus Christi 2007, no pet.) (mem.op.).

6. The Smiths direct us to *In re B.N.S.*, in which the Dallas Court of Appeals held that a trial court abused its discretion in granting access to grandparents that had not satisfied section 153.433. 247 S.W.3d 807, 809 (Tex. App.-Dallas 2008, no pet.). However, *B.N.S.* is not a standing case. Holding that one has no right to prevail on the merits is different than ruling that the losing party had no standing even to file suit. *See In re SSJ–J*, 153 S.W.3d at 138.

7. We presume, without deciding, that section 153.433 applies to the trial court's temporary order because in it the trial court granted Lisa possession of or access to E.R.S.

§ 153.433(2). At the temporary orders hearing, Lisa testified as follows:

Q. Do you think it would be in the best interest of this child to allow you to have access to this child?

A. Yes, it would be.

Q. Okay. Have you ever done anything to her that's been negative or harmful to her?

A. Never.

Lisa further testified that it would be "bad" for, and emotionally damaging to, the child not to have a relationship with Lisa. The Smiths argue that this evidence fails to overcome the so-called "parental presumption" contained in section 153.433(2).

■■■■ As amended in 2005, section 153.433 now echoes the United States Supreme Court plurality's statement that a trial court should presume that a fit parent acts in his or her child's best interests. *See Derzapf,* 219 S.W.3d at 333; *see also Troxel v. Granville,* 530 U.S. 57, 68, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000). This statutory parental presumption creates a "high threshold" for a grandparent who seeks access. *See Derzapf,* 219 S.W.3d at 334. We hold that the Smiths, as non-parents, may not claim the presumption in this case.

Logically, the plain language of the "parental presumption" limits the application of the presumption to *parents:* "the grandparent [must] overcome[ ] the presumption that a *parent* acts in the best interest of the *parent's* child[.]" *See* Tex. Fam.Code Ann. § 153.433(2) (emphasis added). The underlying basis for the presumption is to give effect to the "natural affection usually flowing between parent and child." *See In re M.N.G.,* 113 S.W.3d 27, 35 (Tex.App.-Fort Worth 2003, no pet.) (citing *In re V.L.K.,* 24 S.W.3d 338, 341 (Tex.2000)).

"Parent," as used in section 153.433, is defined as "the mother, a man presumed to be the father, a man legally determined to be the father, a man who has been adjudicated to be the father by a court of competent jurisdiction, a man who has acknowledged his paternity under applicable law, or an adoptive mother or father." Tex. Fam.Code Ann. § 101.024 (Vernon Supp. 2007). Under the unambiguous statutory language, the Smiths, though joint managing conservators, are not parents. Though we do not doubt the sincerity of the Smiths' efforts as this child's managing conservators, the Legislature has not sought to include a statutory presumption that a grandparent acts in the child's best interest.

We decline to extend the parental presumption, a powerful force in custody proceedings, to non-parent conservators when such an extension would conflict with the plain statutory language. We presume that the Legislature says what it means and means what it says.

We overrule the Smiths' third issue.

### BEST INTERESTS OF THE CHILD

■■■■ Even when the parental presumption does not apply, grandparent access is still subject to the trial court's determination of the best interests of the child. *See* Tex. Fam.Code Ann. § 153.002 (Vernon 2002).[8] The trial court is vested with broad discretion in determining the best interests of a child in family law matters such as custody, visitation, and possession. *Gillespie v. Gillespie,* 644 S.W.2d 449, 451 (Tex.1982); *Lilley v. Lilley,* 43 S.W.3d 703, 705 (Tex.App.-Austin 2001, no pet.). The trial court does not abuse its discretion if its decision is supported by sufficient, competent evidence. *See Gilles-*

---

8. *See also Banta,* 2007 WL 2128901, at *3.

*pie*, 644 S.W.2d at 451. The mandamus record contains evidence that granting Lisa possession of E.R.S. would be in the child's best interest. Therefore, the trial court did not abuse its discretion in awarding possession to Lisa in its temporary order.

The Smiths' arguments as to why the trial court abused its discretion in awarding Lisa possession of her granddaughter lack merit. Therefore, we need not reach the issue of whether the Smiths have an adequate remedy at law.

Accordingly, we deny the petitions for writ of mandamus.