**Affirmed and Memorandum Opinion filed June 12, 2014.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-13-00431-CV

---

## ERIC NORRIS, Appellant

### V.

## TRIUMPH HOSPITAL OF EAST HOUSTON, L.P., Appellee

---

**On Appeal from the 190th District Court
Harris County, Texas
Trial Court Cause No. 2012-40153**

---

## MEMORANDUM OPINION

Eric Norris appeals the trial court's grant of summary judgment in favor of Triumph Hospital of East Houston, L.P. in connection with his wrongful death claim. We conclude that subject matter jurisdiction is lacking because Norris lacks standing to assert the claims he has asserted.

### BACKGROUND

Bertha Woodard was admitted to Triumph Hospital on November 2, 2006.

Upon admittance, Woodard was cognitive and responsive to family members. Norris alleges that he witnessed an attending respiratory therapist at Triumph Hospital neglect to turn off the supplemental oxygen flow of the ventilator to which Woodard was attached. Norris alleges that this act of negligence was the proximate cause of Woodard's death on December 20, 2006.

Upon Woodard's death, Norris's father was entrusted with control of her medical records. Norris alleges that his father prevented him from obtaining Woodard's medical records. Norris's father died on July 13, 2010; Norris obtained Woodard's medical records in September 2010. According to Norris, Woodard's medical records revealed that a nurse at Triumph Hospital committed negligence resulting in Woodard's death.

Norris sued Triumph Hospital under the Wrongful Death Act for gross negligence and wrongful death on July 12, 2012. *See* Tex. Civ. Prac. & Rem. Code Ann. § 71.002(b) (Vernon 2011). The trial court granted Triumph Hospital's motion for summary judgment on the grounds that Norris's claims against Triumph Hospital are time barred, and signed an order granting summary judgment in favor of Triumph Hospital on December 12, 2012. Norris filed a motion for new trial, which was denied on February 25, 2013. This appeal followed.

## ANALYSIS

Norris raises seven issues on appeal. Norris argues: (1) his gross negligence and wrongful death claims are not time barred because the doctrine of fraudulent concealment tolled the statute of limitations; (2) the two-year statute of limitations did not begin to run on his negligence claim until his father's death on July 13, 2010; (3) the two-year statute of limitations did not begin to run on his wrongful death claim until his father's death on July 13, 2010; (4) Texas Civil Practice and Remedies Code section 71.021 creates a due course of law violation of the Texas

2

Constitution, Article 1, sections 3 and 13 because it bars grandchildren from bringing an action for wrongful death; (5) Texas Civil Practice and Remedies Code section 71.004 creates a due course of law violation of the Texas Constitution, Article 1, sections 3 and 19 because it bars grandchildren from bringing an action for wrongful death; (6) Tex. Civil Practice and Remedies Code section 74.351 violates Article 1 sections 3, 13, 19, and 29 of the Texas Constitution because it creates an "impossible condition" by requiring plaintiffs to furnish an expert medical report; and (7) the trial court erred in granting summary judgment in favor of Triumph Hospital because there are genuine issues of material fact.

## I.    Norris Lacks Standing to Recover for Wrongful Death

Before we reach the merits of Norris's issues, we first consider the trial court's subject matter jurisdiction; specifically, we determine whether Norris has standing to bring a wrongful death suit predicated on the death of his grandmother.

"Standing is implicit in the concept of subject matter jurisdiction." *Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 443 (Tex. 1993). When a party lacks standing, the trial court is deprived of subject matter jurisdiction, and any trial court action is rendered void. *In re Smith*, 260 S.W.3d 568, 572 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding). "Whether a party has standing is a threshold issue, and one which we review de novo." *Id.* When standing has been conferred by statute, the statute creates the proper framework for a standing analysis. *In re K.D.H.*, 426 S.W.3d 879, 892 (Tex. App.—Houston [14th Dist.] 2014, no. pet. h.).

At common law, no cause of action for wrongful death existed in Texas. *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 356 (Tex. 1990); *Godfrey v. BP Prods. N. Am., Inc.*, 14-08-00857-CV, 2009 WL 2589476, at *2 (Tex. App.—Houston [14th Dist.] Aug. 25, 2009, no pet.) (mem. op.). Thus, an action for

wrongful death is a purely statutory remedy authorized by the Wrongful Death Act, which provides recovery solely for "the surviving spouse, children, and parents of the deceased." *See* Tex. Civ. Prac. & Rem. Code Ann. § 71.004(a) (Vernon 2008). Grandchildren are not included in this list. *Id.* A statute that creates liability non-existent at common law must be "strictly construed in the sense that it will not be extended beyond its plain meaning or applied to cases not clearly within its purview." *Dutcher v. Owens*, 647 S.W.2d 948, 951 (Tex. 1983).

Norris concedes that grandchildren are not permitted to bring a suit under the Wrongful Death Act. We agree that grandchildren do not have standing to bring a suit under the Wrongful Death Act because they are not among the statutorily designated persons who can bring such a claim. *See* Tex. Civ. Prac. & Rem. Code Ann. § 71.004(a); *see also LG Elecs., USA, Inc. v. Grigg*, 424 S.W.3d 804, 809 (Tex. App.—Tyler 2014, no pet.) (deceased's biological children did not have standing to sue under the Wrongful Death Act because father's parental rights were terminated before his death); *Godfrey*, 2009 WL 2589476, at *1-2 (deceased's siblings did not have standing to sue under the Wrongful Death Act).

In his fourth and fifth issues, Norris argues that the omission of grandchildren from the list of statutory wrongful death claimants violates article 1, sections 3, 13, and 19 of the Texas Constitution. We construe this as an argument that barring grandchildren from bringing suit under the Wrongful Death Act violates the Equal Protection clause, the Open Courts provision, and the Due Process clause of the Texas Constitution.

Norris has no right to redress under the Open Courts provision because his wrongful death claim is not a cognizable common-law claim, which is a requirement for protection under the provision. *See Univ. of Tex. Health Sci. Ctr. at Houston v. Crowder*, 349 S.W.3d 640, 650 (Tex. App.—Houston [14th Dist.]

2011, no pet.) (citing *Diaz v. Westphal*, 941 S.W.2d 96, 100 (Tex. 1997) (Wrongful death and survival claims are not common-law claims and therefore, are not entitled to protection under the Open Courts provision.). Similarly, Norris has no right to redress under the Due Process or Equal Protection clauses because the right to sue for wrongful death of another is not a fundamental or constitutionally protected right. *See Parham v. Hughes*, 441 U.S. 347, 358 n.12 (1979); *Suber by Suber v. Ohio Med. Prods., Inc.*, 811 S.W.2d 646, 650-52 (Tex. App.—Houston [14th Dist.] 1991, writ denied). Because Norris has no constitutionally protected interest in being compensated for the death of his grandmother under the Wrongful Death Act, failure of the legislature to extend such a cause of action to him does not violate his rights under the Due Process clause or the Equal Protection clause. *See Parham*, 441 U.S. at 358 n.12; *see also Castillo v. Hidalgo Cnty. Water Dist. No. 1*, 771 S.W.2d 633, 636 (Tex. App.—Corpus Christi 1989, no writ) (no violation of the Due Process clause or Equal Protection clause occurred when minor siblings of deceased were precluded from bringing a wrongful death cause of action). Norris lacks standing to bring a wrongful death suit predicated on the death of his grandmother. *See* Tex. Civ. Prac. & Rem. Code Ann. § 71.004(a). His constitutional challenges to this circumstance are not viable.

## CONCLUSION

Having concluded that Norris does not have standing, it is unnecessary for us to address his remaining issues. Accordingly, we vacate the trial court's order and dismiss Norris's claims based on lack of subject matter jurisdiction.


/s/    William J. Boyce
        Justice

Panel consists of Justices Boyce, Christopher, and Brown.

5