

# NUMBER 13-18-00622-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

# IN THE INTEREST OF B.U.H., J.R.H., R.W.H., AND P.L.H.

---

## On appeal from the 24th District Court
## of Victoria County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Perkes
Memorandum Opinion by Justice Longoria**

Appellant W.I.H. [1] appeals from an order in a suit affecting the parent-child relationship (SAPCR) in which the trial court granted conservatorship of his children, B.U.H., J.R.H., R.W.H., and P.L.H., to appellees, W.S. and B.S., the children's maternal grandmother and step-grandfather. Appellant, appearing pro se, contends that the trial

---

[1] We use initials for the minor and her family members in order to protect her identity. *See* TEX. FAM. CODE ANN. § 109.002(d) ("On the motion of the parties or on the court's own motion, the appellate court in its opinion may identify the parties by fictitious names or by their initials only.").

court erred because: (1) W.S. and B.S. lacked standing to bring their original petition in SAPCR; (2) there was an abuse of discretion; (3) exclusive jurisdiction was vested in another court; (4) there was a "subversion of parental rights"; and (5)–(6) it issued improper findings of fact and conclusions of law. Because we conclude that W.S. and B.S. did not have standing to bring their original petition, we reverse and render.

## I. PROCEDURAL BACKGROUND

Appellant is the father of B.U.H., J.R.H., R.W.H., and P.L.H. On June 16, 2016, appellees filed their original petition in SAPCR. In the petition, appellees alleged that appellant and the children's mother, K.H., "have a history or pattern of child neglect" and are not fit to be managing conservators of the children. In an attached supporting affidavit, W.S. indicated that K.H. placed the children in her care on January 18, 2016. W.S.'s affidavit alleged that while the children were in K.H.'s care, there were safety issues, sanitation and cleanliness issues, and negative psychological effects, among additional issues; the affidavit ultimately stated that K.H. was unable to provide basic care for the children.

Temporary restraining orders were entered by the trial court on June 17, 2016, ordering, inter alia, that appellant and K.H. were excluded from possession of or access to the children. Appellant filed his pro se answer and motion to dismiss the SAPCR, dated July 8, 2016, arguing in part that appellees lacked standing to bring a suit in SAPCR because they did not have possession of the children for the requisite six months preceding filing of the petition. *See* TEX. FAM. CODE ANN. § 102.003(a)(9). Subsequently, on July 12, 2016, the trial court entered "Interim Temporary Orders" appointing appellees

2

as temporary joint managing conservators of the children and ordering that appellant "shall have no possession or access to the children . . . until further order of the Court or written agreement of the parties." Appellant filed additional pro se pleadings reiterating and re-urging his answer and motion to dismiss. He further contended that the trial court lacked jurisdiction as there was a court of continuing jurisdiction which had entered a child-support order in a different SAPCR. Appellees filed a motion to consolidate and a hearing was held to consolidate the two SAPCR cases. The motion to consolidate was granted.

Subsequently, on November 2, 2018, the trial court entered a final order granting appellees joint managing conservatorship over the children, and appointing appellant and K.H. as possessory conservators. It further ordered, inter alia, that appellant's "periods of possession or access shall be supervised by [W.S. or B.S.] or a competent adult designated by [W.S. or B.S.]." This appeal followed.[2]

## II.     STANDING

By his first issue, appellant argues that appellees lacked standing to file their original SAPCR petition because they did not have "actual care, control, and possession of the child for at least six months ending not more than 90 days preceding the date of the filing of the petition." *See* TEX. FAM. CODE ANN. § 102.003(a)(9).

### A.     Standard of Review & Applicable Law

A party seeking conservatorship of a child must have standing to seek such relief. *In re S.S.J.-J.*, 153 S.W.3d 132, 134 (Tex. App.—San Antonio 2004, no pet.). "Standing

---

[2] Appellees have not filed a brief to assist us in the resolution of this appeal.

is implicit in the concept of subject matter jurisdiction." *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). Because "[s]ubject matter jurisdiction is essential to the authority of a court to decide a case," a party's lack of standing deprives the court of subject matter jurisdiction and renders subsequent trial court action void. *Id.*; *In re Smith*, 260 S.W.3d 568, 572 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding).

When standing has been conferred by statute, the statute itself serves as the proper framework for a standing analysis. *In re Smith*, 260 S.W.3d at 572; *In re Sullivan*, 157 S.W.3d 911, 915 (Tex. App.—Houston [14th Dist.] 2005, orig. proceeding [mand. denied]). In the context of a SAPCR, standing is governed by the Texas Family Code, and "[t]he party seeking relief must allege and establish standing within the parameters of the language used in the statute." *In re H.G.*, 267 S.W.3d 120, 124 (Tex. App.—San Antonio 2008, pet. denied) (op. on reh'g). When standing has been sufficiently alleged in the pleadings, and the jurisdictional challenge attacks the existence of jurisdictional facts, the trial court considers the evidence submitted by the parties to resolve the jurisdictional issues raised. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000). The burden of proof on the issue of standing is on the party asserting standing. *In re Pringle*, 862 S.W.2d 722, 725 (Tex. App.—Tyler 1993, no writ). The petitioner must show the facts establishing standing existed at the time suit was filed in the trial court. *M.D. Anderson Cancer Ctr. v. Novak*, 52 S.W.3d 704, 708 (Tex. 2001); *In re Vogel*, 261 S.W.3d 917, 921 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding). If the petitioner fails to meet his

burden, then the trial court must dismiss the suit. *In re M.T.C.*, 299 S.W.3d 474, 479–480 (Tex. App.—Texarkana 2009, no pet.).

A party's standing to seek relief is a question of law we review de novo. *Tex. Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 646 (Tex. 2004); *In re S.S.J.-J.*, 153 S.W.3d at 134. We review the entire record to determine if the trial court's findings are supported by any evidence. *Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 853 (Tex. 2000); *In re Vogel*, 261 S.W.3d at 921–22.

## B.    Discussion

Standing to file a petition seeking conservatorship of a child is governed by §§ 102.003 and 102.004 of the Texas Family Code. In their original petition, filed June 17, 2016, appellees each asserted that they had individual "standing to bring this suit pursuant to Texas Family Code Section 102.003(a)(9) in that Petitioner is a person, other than a foster parent, who has had actual care, control, and possession of the child for at least six months ending not more than 90 days preceding the date of the filing of this petition." The attached affidavit of W.S. in support of the original petition stated, in relevant part, "My daughter [K.H.] has left her children in my care on January 18, 2016."

Appellees' petition alleged, and the trial court specifically found, standing under § 102.003(a)(9) of the family code rather than the more specific grandparent-standing provisions of § 102.004.[3] *See* TEX. FAM. CODE ANN. §§ 102.003(a)(9), 102.004. To show

---

[3] Section 102.004 provides that a grandparent may file an original suit requesting managing conservatorship if there is satisfactory proof to the trial court that "(1) the order requested is necessary because the child's present circumstances would significantly impair the child's physical health or emotional development; or (2) both parents, the surviving parent, or the managing conservator or custodian either filed the petition or consented to the suit." TEX. FAM. CODE ANN. § 102.004(a)

standing under § 102.003(a)(9), appellees had to prove that they had had actual care, control, and possession the children for at least six months, ending not more than ninety days before June 17, 2016, the date they filed their suit. *Id.* § 102.003(a)(9); *see In re Kelso*, 266 S.W.3d 586, 590 (Tex. App.—Fort Worth 2008, no pet.)*.* Because standing to bring a SAPCR is governed by statute, we apply statutory-interpretation principles in determining whether a plaintiff falls within the category of persons upon whom such standing has been conferred. *See In re H.S.*, 550 S.W.3d 151, 155 (Tex. 2018) (citing *Tex. Dep't of Protective & Regulatory Servs. v. Sherry*, 46 S.W.3d 857, 861 (Tex. 2001)).

Given the SAPCR filing date and W.S.'s affidavit stating when appellees' possession began, we agree that appellees did not show they had the requisite six months of possession, and therefore they did not have standing at the time appellees filed their SAPCR. W.S. stated that she and B.S. had the children beginning on January 18, 2016, a period of approximately five months before filing the SAPCR. Accordingly, the trial court was required to dismiss the suit. *See M.D. Anderson Cancer Ctr.*, 52 S.W.3d at 708 *In re Kelso*, 266 S.W.3d at 591. Because appellees failed to produce evidence demonstrating standing under § 102.003(a)(9), the trial court lacked subject matter jurisdiction over appellees' SAPCR. We sustain appellant's first issue.[4]

### III.   CONCLUSION

We reverse the judgment of the trial court and render judgment dismissing appellees' suit for lack of standing.

---

[4] Because appellant's first issue is dispositive, we need not address his remaining issues. *See* TEX. R. APP. P. 47.1.

6

NORA L. LONGORIA
Justice

Concurring and Dissenting Memorandum
Opinion by Chief Justice Contreras.

Delivered and filed the
3rd day of December, 2020.