

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-20-00570-CV

**IN RE Joe Anthony ESPINOZA**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:    Rebeca C. Martinez, Chief Justice
            Irene Rios, Justice
            Beth Watkins, Justice

Delivered and Filed: January 20, 2021

PETITION FOR WRIT OF MANDAMUS DENIED

On November 25, 2020, relator filed a petition for writ of mandamus. Relator also filed a motion for temporary relief pending final resolution of the petition for writ of mandamus, which this court granted on December 23, 2020. After considering the petition and the record, this court concludes relator did not show he is entitled to the relief sought.

### DISCUSSION

In this original proceeding, relator asserts the trial court abused its discretion by entering (1) a September 13, 2019 order appointing an amicus attorney and (2) a November 27, 2019 order accepting the amicus attorney's recommendation regarding visitation of the minor child. Relator

---

[1] This proceeding arises out of Cause No. 1915C, styled *In the Interest of J.A.E., Jr., a Child*, pending in the County Court at Law, Kerr County, Texas, the Honorable Susan Harris signed the order at issue in this proceeding.

contends both orders were improperly entered prior to the trial court ruling on his motion to dismiss for lack of subject matter jurisdiction.

This is the third petition for writ of mandamus filed by relator relating to the standing of the real party in interest. In the first original proceeding, this court conditionally granted relator's petition for writ of mandamus and ordered the trial court to rule on relator's pending motion to dismiss for lack of subject matter jurisdiction. *See In re Espinoza*, No. 04-19-00838-CV, 2020 WL 86215, at *1 (Tex. App.—San Antonio Jan. 8, 2020, orig. proceeding). After the trial court denied relator's motion to dismiss, relator filed a second petition. In that case, this court conditionally granted relator's petition and ordered the trial court to vacate its order denying the motion to dismiss because we concluded the court "abused its discretion by not first considering any evidence before ruling [the real party in interest] had standing, not determining whether [the real party in interest] satisfied her burden to provide 'sufficient proof' of significant impairment, or determining whether there existed fact issues." *In re Espinoza*, No. 04-20-00241-CV, 2020 WL 4483653, at *2 (Tex. App.—San Antonio Aug. 5, 2020, orig. proceeding).

Relator now asserts the two orders entered by the trial court following relator's filing of his motion to dismiss for lack of subject matter jurisdiction are void because the court lacked subject matter jurisdiction when it issued the orders. Relator contends the trial court was required to address his motion to dismiss before entering these orders. While relator is correct in stating a party's lack of standing deprives the trial court of subject matter jurisdiction and renders subsequent trial court action void, the trial court has yet to conduct a proper evidentiary hearing and rule on the pending motion to dismiss for lack of subject matter jurisdiction. *See In re Smith*, 260 S.W.3d 568, 572 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding) ("A party's lack of standing deprives the trial court of subject matter jurisdiction, and renders any trial court action void." (citing *Taub v. Aquila Sw. Pipeline Corp.*, 93 S.W.3d 451, 455 (Tex. App.—Houston [14th

Dist.] 2002, no pet.))); *cf. In re H.R.L.*, 458 S.W.3d 23, 31–32 (Tex. App.—El Paso 2014, orig. proceeding) (holding the trial court abused its discretion in entering four orders granting the great-aunt relief when the evidence did not support a ruling that the great-aunt had implicit standing). Although we agree the trial court must conduct an evidentiary hearing and rule on relator's pending motion to dismiss, we cannot decide the issue of whether the two orders are void and should be vacated because the trial court has yet to conduct a hearing on standing. Accordingly, the petition for writ of mandamus asking this court to vacate the two orders is denied. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM